RECEIPT # 44738
AMOUNT $ 150
SUMMONS ISSUED 6
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 1-30-03

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TECHNICAL INDUSTRIES, INC., on behalf of itself and all others similarly situated, | C.A. No. 03- |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| CABOT CORPORATION, PHELPS DODGE CORPORATION, COLUMBIAN CHEMICALS CO., DEGUSSA ENGINEERED CARBONS, LP, DEGUSSA AG, and DEGUSSA CORPORATION, | **JURY TRIAL DEMAND** |
| Defendants. | |

**03 10191WGY**

MAGISTRATE JUDGE Cohen

Plaintiff, by its undersigned counsel, individually and on behalf of the class identified below, brings this action for treble damages under the antitrust laws of the United States. Plaintiff demands a trial by jury, and complains and alleges, upon information and belief except as to those paragraphs applicable to the named plaintiff, which are based on personal knowledge, as follows:

## NATURE OF ACTION

1. This lawsuit is brought as a class action on behalf of all individuals and entities who purchased Carbon Black in the United States directly from the defendants or their co-conspirators, predecessors or controlled subsidiaries from approximately January of 1999 until the present (the "Class Period"). Plaintiff alleges that during the Class Period, if not longer, defendants conspired to fix, raise, maintain or stabilize prices for Carbon Black sold in the United States.



DOCKETED

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15, to recover treble damages and the costs of this suit, including reasonable attorneys' fees, for defendants' violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337.

4. Venue is proper in this judicial district pursuant to 15 U.S.C. § 22 and 28 U.S.C. § 1391(b), (c) and (d) because during the Class Period one or more of the defendants resided, transacted business, was found, or had agents in this district, and because a substantial part of the events giving rise to plaintiff's claims occurred, and a substantial portion of the affected interstate trade and commerce described below has been carried out, in this district.

## DEFINITIONS

5. Carbon Black is an engineered carbon compound made primarily from petroleum-based feedstock. More specifically, it is a dust that is produced by partial combustion of petroleum or natural gas. It is also known as "lamp black," "channel black," "furnace black," "soot" and "carbon soot." The three primary business sectors in which it is used are the tire industry, industrial products and high performance applications. Specific products made from Carbon Black include: hoses, belts and molded goods in the industrial sector; inks, coatings, cables, pipes, and plastics in the high performance sector; and as a reinforcing agent and performance additive in tire manufacture.

6. "Class Period" refers to the period from January 30, 1999 through the present.

7. "Person" means any individual, partnership, corporation, association or other business or legal entity.

## PLAINTIFF

8. Plaintiff, Technical Industries, Inc. ("Technical Industries"), was and is at all relevant times a Rhode Island corporation with its principal place of business located at 217 Church Street, PeaceDale, Rhode Island 02883-0065. Technical Industries purchased Carbon Black directly from defendants or their co-conspirators during the Class Period. Technical Industries paid defendants or their co-conspirators artificially inflated prices for Carbon Black as a result of the conspiracy herein alleged, and Plaintiff was therefore injured in its business and property by reason of the antitrust violations alleged herein.

## DEFENDANTS

9. Defendant Cabot Corporation ("Cabot") is a Delaware corporation with its principal place of business in Boston, Massachusetts. Cabot is the largest producer of Carbon Black in the world, accounting for one-quarter of worldwide production capacity and market share. In fiscal year 2001, Cabot had $1.67 billion in revenues, with the Carbon Black division accounting for approximately 79% of these revenues.

10. Defendant Phelps Dodge Corporation ("Phelps Dodge") is a New York corporation with its principal place of business in Arizona.

11. Defendant Columbian Chemicals Co. ("Columbian") is a wholly-owned subsidiary of Phelps Dodge headquartered in Marietta, Georgia. Columbian is engaged in the manufacture and sale of Carbon Black within the United States and throughout the world.

12. Degussa Engineered Carbons, LP ("DEC") is a limited partnership with its principal place of business in Parsippany, New Jersey. DEC is co-owned by Degussa AG through a joint

venture with Engineered Carbons Incorporated. DEC is engaged in the manufacture and sale of Carbon Black within the United States and throughout the world.

13. Degussa AG is a German corporation with its principal place of business in Germany.

14. Defendant Degussa Corporation ("Degussa Corp.") is an Alabama Corporation with its principal place of business in Parsippany, New Jersey. Degussa Corp. is the designated sales agent of DEC for the sale of Carbon Black within the United States.

15. Wherever in this Complaint reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or representatives while they have actively engaged in the management, direction, control or transaction of the corporation's business or affairs.

## CO-CONSPIRATORS

16. Various other persons, firms and corporations, not named in this Complaint, have participated as co-conspirators with the defendants in the violations alleged herein, and aided, abetted and performed acts and made statements in furtherance thereof.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on its own behalf and as a class action under the provisions of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the following class:

> All individuals or entities (excluding Defendants, their parents, predecessors, subsidiaries, affiliates, and co-conspirators and governmental entities) who purchased Carbon Black in the United States directly from any of the Defendants or their co-conspirators or any predecessor or controlled subsidiary of each, at any time during the period from January 30, 1999 to the present.

18. Because such information is in the exclusive control of defendants and/or their co-conspirators, plaintiff does not know the exact number of class members. Due to the nature of the trade and commerce involved, however, plaintiff believes that class members number at least in the hundreds and are sufficiently numerous and geographically dispersed throughout the United States so that joinder of all class members is impracticable.

19. There are questions of law or fact common to the class, including:

   (a) Whether defendants and their co-conspirators engaged in a combination and conspiracy among themselves to fix, raise, maintain or stabilize prices of Carbon Black sold in the United States;

   (b) The identity of the participants in the conspiracy;

   (c) The duration of the conspiracy alleged in this Complaint and the acts performed by Defendants and their co-conspirators in furtherance of the conspiracy;

   (d) Whether the alleged conspiracy violated Section 1 of the Sherman Act;

   (e) Whether the conduct of defendants and their co-conspirators, as alleged in this Complaint, caused injury to the business or property of plaintiff and the other members of the class;

   (f) The effect of defendants' conspiracy on the prices of Carbon Black sold in the United States during the Class Period; and

   (g) The appropriate measure of damages sustained by plaintiff and other members of the class.

20. Plaintiff is a member of the class, plaintiff's claims are typical of the claims of the class members, and plaintiff will fairly and adequately protect the interests of the class. Plaintiff is a direct purchaser of Carbon Black and its interests are coincident with and not antagonistic to those of the other members of the class. In addition, plaintiff is represented by counsel who are competent and experienced in the prosecution of antitrust and class action litigation.

21. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members.

22. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many class members who otherwise could not afford to litigate an antitrust claim such as is asserted in this Complaint. This class action presents no difficulties in management that would preclude maintenance as a class action.

## TRADE AND COMMERCE

23. The activities of defendants, and their co-conspirators, as described in this Complaint, were within the flow of, and substantially affected, interstate commerce.

24 During the time period covered by this Complaint, defendants sold and distributed Carbon Black throughout the United States.

25. Defendants have manufactured, sold and shipped substantial quantities of Carbon Black in a continuous and uninterrupted flow of interstate commerce to customers located in states other than the states in which the defendants produced Carbon Black.

## OFFENSES ALLEGED

26. Beginning no later than January 30, 1999, and continuing until the present, the exact dates being unknown to plaintiff, defendants and their co-conspirators engaged in a continuing agreement, combination, and conspiracy in restraint of trade to artificially raise, fix, maintain, or stabilize prices for Carbon Black in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.

27. On information and belief, in formulating and effectuating the alleged contract, combination, or conspiracy, Defendants and their co-conspirators engaged in anti-competitive activities, the purpose and effect of which were to artificially raise, fix, maintain or stabilize the price of Carbon Black. These activities included the following:

(a) Participating in communications to discuss the prices of Carbon Black sold in the United States;

(b) Agreeing during and through those communications to charge prices at specified levels and otherwise to fix, increase and maintain prices of Carbon Black sold in the United States;

(c) Agreeing during and through those communications to allocate among defendants and their co-conspirators customers for Carbon Black in the United States;

(d) Agreeing during and through those communications to refrain from bidding or to submit intentionally high, complementary and non-competitive bids, for particular contracts to supply Carbon Black to various customers throughout the United States;

(e) Exchanging sales and customer information for the purpose of monitoring and enforcing adherence to the agreements reached;

(f) Issuing price announcements and price quotations in accordance with the agreements reached;

(g) Selling Carbon Black to various customers throughout the United States at mutually agreed on, non-competitive prices.

28. Both the United States and European antitrust authorities have commenced a transatlantic investigation into the price-fixing conspiracy as alleged herein. The European antitrust authorities have conducted raids on six European companies, including Degussa AG and subsidiaries of Cabot and Phelps Dodge, in France, Germany, Spain and Italy in connection with such investigation. Such authorities are currently reviewing documents seized in the raids.

29. Cabot, Phelps Dodge and Degussa AG have confirmed that they have been contacted by the European antitrust authorities in connection with their ongoing investigations of price-fixing in the Carbon Black industry. Both Cabot and Phelps Dodge have confirmed that they have been contacted by United States antitrust authorities in connection with such investigations.

## EFFECTS

30. The above combination and conspiracy has had the following effects, among others:

(a) Price competition in the sale of Carbon Black has been restrained, suppressed and eliminated throughout the United States;

(b) Prices for Carbon Black sold by defendants and their co-conspirators have been raised, fixed, maintained and stabilized at artificially high and noncompetitive levels throughout the United States; and

(c) Purchasers of Carbon Black from defendants and their co-conspirators have been deprived of the benefit of free and open competition.

31. As a direct and proximate result of the unlawful conduct of defendants and their co-conspirators, plaintiff and other members of the class have been injured in their business and property in that they paid more for Carbon Black than they otherwise would have paid in the absence of unlawful conduct of defendants and their co-conspirators.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiff demands a trial by jury of all of the claims asserted in this Complaint so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays as follows:

A. That the Court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

B. That the conspiracy, and the acts done in furtherance thereof by defendants and their co-conspirators, be adjudged to have been in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

C. That judgment be entered for plaintiff and members of the Class against defendants for three times the amount of damages sustained by plaintiff and the Class as allowed by law, together with the costs of this action, including reasonable attorneys' fees.

D. That plaintiff and members of the Class have such other, further and different relief as the case may require and the Court may deem just and proper under the circumstances.

Dated: January 30, 2003

By its attorneys,

_____
Thomas G. Shapiro BBO#454680
**Shapiro Haber & Urmy LLP**
75 State Street
Boston, Massachusetts 02109
Telephone: (617) 439-3939


Michael D. Hausfeld
Stewart M. Weltman
Charles E. Tompkins
Elizabeth H. Cronise
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600


Linda P. Nussbaum
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
825 Third Avenue, 30th
New York, NY 10022
Tel: (212) 838-7797


Arthur Bailey
Arthur N. Bailey & Associates
Suite 4500
111 West Second Street
Jamestown, NY 14701

*Attorneys for Plaintiff*