UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re CARBON BLACK ANTITRUST LITIGATION | Master Docket No. 03-cv-10191-DPW (Lead Case) |
| | MDL Docket No. 1543 |
| This Docket Relates to: ALL ACTIONS | |

**FINAL JUDGMENT ORDER OF DISMISSAL
WITH PREJUDICE AS TO CABOT CORPORATION
AND COLUMBIAN CHEMICALS COMPANY**

The Court has considered Class Plaintiffs' Motion for Final Approval of the Settlement Agreement with Cabot Corporation and Columbian Chemicals Company and has held a duly-noticed final approval hearing on September 27, 2007. After careful consideration of all papers filed and proceedings held herein, the Court has determined that (1) the Settlement should be approved and (2) pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay. Therefore, the Court expressly directs the entry of Final Judgment as to Cabot Corporation and Columbian Chemicals Company ("Settling Defendants") as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The Court finds that due and adequate notice was provided pursuant to Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure to all members of the Class certified herein, notifying the Class of, <u>inter alia</u>, the proposed settlement with the Settling Defendants. The notice provided was the best notice practicable under the circumstances and included individual notice by first-class mail to all members of the Class who could be identified through reasonable effort, as well as notice published in the national edition of <u>The Wall Street Journal</u>, the <u>Rubber & Plastic News</u>, and notice on the Internet. The notice provided fully complied in all

respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

2.  The Court finds that the Class members identified on the schedule attached hereto as Exhibit "A," and no others, have timely requested to be excluded from the Class and accordingly are not included in or bound by the Final Judgment being entered pursuant to this Order.

3.  The Court finds that the Settlement Agreement dated June 12, 2007, between Class Plaintiffs and the Class, on the one hand, and Settling Defendants on the other (the "Settlement Agreement"), is fair, reasonable, and adequate to the Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The Settlement Agreement is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The Court further approves the establishment of the escrow account under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

4.  This Court hereby dismisses on the merits and with prejudice the Class Action in favor of each and all of the Settling Defendants, with each party to bear their own costs and fees (except to the extent expressly provided otherwise in the Settlement Agreement).

5.  Class Plaintiffs and each member of the Class (other than those persons identified on Exhibit "A") and their respective past and present parents, subsidiaries, and affiliates ("Releasors") are permanently barred and enjoined from prosecuting against the Settling Defendants and the Releasees all manner of claims, demands, actions, suits and causes of action, whether class, individual or otherwise in nature, that Releasors or any one of them ever had,

now has, or hereafter can, shall, or may have against the Releasees, on account of or arising out of or relating to the Released Claims.

6. Releasors have expressly agreed to waive and release, and shall be deemed to have waived and released, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. <u>Certain Claims Not Affected by General Release</u>.
> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of paragraph 5, but each of those Class members has expressly waived and has fully, finally, and forever settled and released, any known or unknown, suspected or unsuspected, contingent or non-contingent claim which is the subject matter of paragraph 5, without regard to the subsequent discovery or existence of such different or other facts.

7. Nothing in this Final Judgment or in the Settlement Agreement shall release or affect in any way the rights that any Class Plaintiffs or any Class Member has or may have against any alleged co-conspirator other than the Settling Defendants and nothing shall be construed to release or limit in any manner whatsoever the joint or several liability or damage responsibility of any alleged co-conspirator other than the Settling Defendants.

3

8. Except as expressly provided in the Settlement Agreement, the Settling Defendants shall have no obligation for attorneys' fees, costs or expenses, including but not limited to expenses of administering and distributing the Settlement Fund, which expenses are to be paid out of settlement funds subject to further order of this Court.

9. Nothing in this Final Judgment or the Settlement Agreement and no aspect of the settlement or negotiation thereof is or shall be deemed or construed to be an admission or concession of any violation of any statute or law or of any liability or wrongdoing by the Settling Defendants or of the truth of any of the claims or allegations in any of the complaints in the Action or any other pleading, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in any of the Actions or in any other action or proceeding other than to enforce the terms of this Final Judgment or the Settlement Agreement.

10. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction for the purposes of, <u>intra alia</u>, implementing and enforcing the Settlement Agreement (including any issue that may arise in connection with the formation and/or administration of the QSF), or entering orders regarding the disbursement of the Settlement Amount (as defined in the Settlement Agreement) to the Class, or entering orders regarding payment of attorneys' fees and expenses (including fees and costs of experts and/or consultants) incurred in the Action.

11. Terms used in this Final Judgment which are defined in the Settlement Agreement are, unless otherwise defined herein, used herein as defined in the Settlement Agreement.

12. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

THIS the 27th day of September, 2007.

DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

## LIST OF COMPANIES WHICH OPTED OUT
## OF CARBON BLACK CLASS ACTION

1. Superior Graphite Company
   4021 Calvin Drive
   Hopkinsville, KY 42240-5021

2. E.I. du Pont de Nemours and Company
   c/o DuPont Legal
   Wilmington Office Buildings
   1007 Markets Street
   Wilmington, DE 19898
   302-773-3429

3. E.M. Sullivan Associates, Inc.
   1460 Russell Road, Suite 202
   Paoli, PA 19301
   610-725-8717

4. Micro Inks Corporation
   2850 Festival Drive
   Kankakee, IL 60901
   815-929-9293

5. Polymer Valley Chemicals, Inc.
   1872 Akron Penninsula Road
   Akron, OH 44313
   330-945-6499

6. Carlisle Companies Incorporated
   (and its direct and indirect subsidiaries
   including the companies listed below)
   13925 Ballantyne Corporate Place, Suite 400
   Charlotte, NC 28277

   Carlisle Corporation
   13925 Ballantyne Corporate Place,
   Suite 400
   Charlotte, NC 28277

   Carlisle Engineered Products, Inc.
   (f/k/a Geauga Company)
   900 South Wiley Street
   Crestline, OH 448273

**EXHIBIT "A" TO FINAL JUDGMENT ORDER**

Carlisle Power Transmission Products, Inc.
One Prestige Place
Miamisburg, OH 45342

Carlisle SynTec Incorporated
1285 Ritner Highway
P.O. Box 7000
Carlisle, PA 17013

Carlisle Tire & Wheel Company
23 Windham Boulevard
Aiken, SC 29805

**EXHIBIT "A" TO FINAL JUDGMENT ORDER**